UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY ERICKSON,

                Plaintiff,

     v.

ELLIOT BAY ADJUSTMENT
COMPANY INC. and JOHN DOES
1-25,

                Defendant.

CASE NO. C16-0391JLR

SHOW CAUSE ORDER
REGARDING STANDING
UNDER SPOKEO

## I.    INTRODUCTION

The court is in receipt of Plaintiff Kelly Erickson's motion for class certification. (Mot. (Dkt. # 11).)  Having reviewed Ms. Erickson's motion, Defendant's ("Elliot Bay") response to the motion (Resp. (Dkt. # 13)), Ms. Erickson's reply memorandum (Reply (Dkt. # 16)), Ms. Erickson's complaint (Dkt. # 1), Elliot Bay's answer (Dkt. # 6), the relevant portions of the record, and the applicable law, the court defers its consideration

1  of Ms. Erickson's motion and instead ORDERS Ms. Erickson to show cause why the

2  court has subject matter jurisdiction over this action.

3  ## II.   BACKGROUND

4       Defendant Elliot Bay is a "collection agency" and "debt collector" as defined by

5  the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).  In 2015,

6  Elliot Bay attempted to collect a debt from Plaintiff (and putative class representative),

7  Ms. Erickson on behalf of Family Health Care ("FHC"), one of Elliot Bay's clients.

8  (Compl. (Dkt. # 1), ¶¶ 15, 16; Resp. at 2.)  Ms. Erickson alleges that many of Elliot Bay's

9  attempts to collect the debt violated the FDCPA and two Washington consumer

10 protection statutes.  (*See generally* Compl.)

11      On March 17, 2015, in its first attempt to collect the debt, Elliot Bay delivered a

12 letter to Ms. Erickson:

13      NOT HAVING HEARD FROM YOU ON THIS ACCOUNT, **LEGAL
        ACTION** IS NOW BEING CONSIDERED. TO AVOID PAYING
14      ADDITIONAL COURT CHARGES AS WELL AS THIS AMOUNT,
        IMMEDIATELY SEND THE BALANCE **IN FULL** BY RETURN MAIL
15      TO THE ABOVE ADDRESS.

16 ((*Id.*, ¶ 21; Ex. A (emphasis in original).)  Elliot Bay admits that at least forty custmers

17 in addition to Ms. Erickson received collection letters with identical language.  (Mot., Ex.

18 B at 6 (attaching Ms. Erickson's requests for admission and responses thereto)).)  In fact,

19 the Collection Letter contains standard language included in letters to all of Elliot Bay's

20 costumers "on all types of accounts and on all types of amounts owed." (*Id.*)  Although

21 Ms. Erickson's two claims on behalf of the class—Counts II and III—allege many other

22 FDCPA violations, Ms. Erickson seeks class certification solely on the basis of the March

17, 2015, collection letter.  (*See* Mot. at 1, 7.)  Ms. Erickson claims that the letter violates the FDCPA by threatening "additional court charges . . . [f]alsely representing that if payment [is] not made in full that court charges would automatically be added to the balance of the alleged debt."  (*Id.* ¶¶ 26, 52, 53(e).)

On May 12, 2015, Elliot Bay sent a second letter to Ms. Erickson listing Ms. Erickson's alleged debt in the categories of "Principal," "Interest," and "Misc./CC."  (*Id.*, ¶¶ 27, 28; Answer ¶¶ 27, 28.)  When Ms. Erickson's counsel contacted Elliot Bay about the "Misc./CC" charge, Ms. Erickson claims that Elliot Bay explained that the charge, totaling $283.00, represented $200.00 in attorney's fees and $83.00 in filing fees.  (*Id.*, ¶ 30.)  According to Ms. Erickson, Elliot Bay had no legal or contractual right to attorney's fees.  (*Id.* ¶ 31.)

On June 5, 2015, Ms. Erickson notified Elliot Bay that she had retained counsel and directed Elliot Bay not to contact her and to address all future communications regarding the debt to her attorney.  (*Id.*, ¶¶ 33-34 (citing Exs. C, D).)  Nevertheless, Ms. Erickson received a third collection letter on September 10, 2015.  (Compl. ¶ 37; Answer ¶ 37.)  This time, the collection letter listed Ms. Erickson's debts as $120.00 in "Principal," $61.32.00 in "Interest," and $323.00 in "Misc./CC."  (Compl. ¶ 39; Answer ¶ 39.)  Ms. Erickson believes Elliot Bay did not have a legal or contractual right to charge $323.00 in "Misc./CC" fees.  (Compl. ¶ 40.)  The third collection letter also stated:

> IF YOU PAY THE ACCOUNT IN FULL AND ASK FOR DELETION FROM YOUR CREDIT FILE(S), WE WILL REQUEST DELETION ON YOUR BEHALF.

1  (Compl. ¶ 41; *id.*, Ex. E (emphasis in original); Answer ¶ 41.)  Ms. Erickson claims that

2  the third collection letter misleads by implying that Ms. Erickson could only clear her

3  credit report by asking Elliot Bay for deletion, when there are other avenues for removing

4  the debt from her report.  (Compl. ¶ 42.)

5        On September 3, 2015, and January 19, 2016, Elliot Bay reported Ms. Erickson's

6  debt to a credit bureau.  (*Id.* ¶ 35; Answer ¶ 35.)  Ms. Erickson alleges that Elliot Bay did

7  not notify the credit bureau that her debt was disputed, as required under the FDCPA.

8  (Compl. ¶ 36.)

9        On April 28, 2015, after six weeks of failed attempts to recover payment, Elliot

10  Bay filed a collection lawsuit against Ms. Erickson in Snohomish County District Court.

11  (Berggren Decl. (Dkt. # 15) ¶ 6, Ex. A.)  The collection lawsuit was eventually dismissed

12  after Elliot Bay made seven unsuccessful attempts to serve Ms. Erickson.  (*Id.* ¶¶ 10, 12.)

13        On March 16, 2016, Ms. Erickson filed a putative class action complaint alleging

14  that Elliot Bay violated certain provisions of the Fair Debt Collection Practices Act

15  ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, as well as two Washington statutes—the

16  Washington Collection Agency Act (WCAA), RCW § 19.16 *et seq.*, and the Washington

17  Consumer Protection Act (CPA), RCW § 19.86.  (*See generally* Compl.)  Ms. Erickson

18  asserts that the court has federal question jurisdiction over the FDCPA claims and

19  pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  (Compl.

20  ¶ 2.)

21  //

22  //

SHOW CAUSE ORDER - 4

### III.   ANALYSIS

**A.   Standing Following *Spokeo, Inc. v. Robins***

The court has an obligation to raise issues concerning its subject matter

jurisdiction, including Article III standing, *sua sponte*. *Bernhardt v. Cty. of L.A.*, 279

F.3d 862, 871 (9th Cir. 2002). The "irreducible constitutional minimum" of standing

consists of three elements: (1) the plaintiff must have suffered an injury in fact, (2) that is

fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be

redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S.

167, 180-81 (2000). With respect to the first element, an injury in fact must be "(a)

concrete and particularized . . . ; and (b) actual or imminent, not conjectural or

hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted). The

standing doctrine serves to ensure that the authority of federal courts extends only to

"cases" and "controversies" as mandated by Article III of the United States Constitution.

U.S. Const. art. III, § 2. "The existence of Article III standing is not subject to

waiver . . . [i]t must be demonstrated 'at the successive stages of the litigation.'"

*Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Lujan*

*v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

The Supreme Court recently revisited the principles of standing and the first

injury-in-fact element in *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540 (2016), *as*

*revised* (May 24, 2016). *Spokeo* involved a class action lawsuit under the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681e, which imposes various procedural

1    requirements on consumer reporting agencies to ensure credit reporting is fair and

2    accurate.  136 S. Ct. at 1545.  In *Spokeo*, the defendant company compiled profiles of

3    individuals from information in online databases and then provided the profiles to its

4    users through its website.  *Id*. at 1546.  The profiles could include the individual's

5    address, phone number, marital status, approximate age, occupation, hobbies, finances,

6    shopping habits, and musical preferences.  *Id*.  The plaintiff sued the defendant company

7    for violating the FCRA's procedural requirements by allegedly providing incorrect

8    information about the plaintiff to the company's users.  *Id*. at 1545-46.  The district court

9    found that the plaintiff failed to allege an injury in fact and dismissed the complaint for

10   lack of standing.  *Id*. at 1546.  The Ninth Circuit reversed the district court and held that

11   the plaintiff's injury "satisfied the injury-in-fact requirement of Article III" because the

12   defendant "violated [the plaintiff's] statutory rights, not just the statutory rights of other

13   people."  *Id*.

14       The Supreme Court reversed the Ninth Circuit because the Ninth Circuit's

15   injury-in-fact analysis focused exclusively on whether the plaintiff's injury was

16   particularized.  *Id*. at 1550.  The Supreme Court emphasized that to satisfy the

17   injury-in-fact element of Article III standing, the plaintiff's injury must be both

18   particularized and concrete.  *See id*.  The Supreme Court, therefore, remanded the case to

19   the Ninth Circuit so that it could consider the concreteness of the plaintiff's injury.  *Id*.

20       In remanding, the Supreme Court emphasized that to be concrete an injury "must

21   be 'de facto'; that is, it must actually exist."  *Id*. at 1548.  However, the Supreme Court

22   also explained that "concrete" does not necessarily mean "tangible."  *Id*. at 1549.  An

1  intangible harm, such as the loss of one's right to free speech or to religious practice, can

2  constitute a concrete injury. *Id*. (citing *Pleasant Grove City v. Summum*, 555 U.S. 460

3  (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993)

4  (free exercise)).  Indeed, "Congress may 'elevat[e] to the status of legally cognizable

5  injuries, de facto injuries that were previously inadequate in law.'" *Id*. (alterations in

6  original) (quoting *Lujan*, 504 U.S. at 578).  However, a plaintiff does not "automatically

7  satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right

8  and purports to authorize that person to sue to vindicate that right." *Id*.  "Article III

9  standing requires a concrete injury even in the context of a statutory violation." *Id*.  A

10  plaintiff may not "allege a bare procedural violation, divorced from any concrete harm,

11  and satisfy the injury-in-fact requirement of Article III."[1]  *Id*.

12  **B.    Order to Show Cause**

13       The *Spokeo* analytical framework requires the court to determine whether the

14  alleged FDCPA violations in Ms. Erickson's complaint and motion for class certification

15  satisfy the concreteness requirement of the injury-in-fact component of Article III

16

17  _____

[1] In certain circumstances, "the risk of real harm" can also be enough to satisfy the concreteness requirement. *Id*.  For example, the Supreme Court noted that harms associated with certain torts can be difficult to prove or measure. *Id*. (citing libel and slander as examples). Thus, the Court acknowledged that in some circumstances the violation of a procedural right granted by a statute could be sufficient to constitute an injury in fact, and in such cases, the plaintiff need not allege any additional harm beyond the harm Congress had identified. *Id*. at 1549-50.  In so ruling, the Supreme Court cited two prior cases involving informational injuries. *Id*. (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998) (confirming that a group of voters' "inability to obtain information" that Congress had decided to make public was a sufficient injury in fact to satisfy Article III); *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue")).

1   standing.  Standing is a "threshold question" that a litigant invoking federal jurisdiction

2   must demonstrate before the court may hear the case.  *Warth v. Seldin*, 422 U.S. 490, 498

3   (1975).  Neither Ms. Erickson's complaint nor her motion for class certification address

4   standing.  (*See generally* Compl.; Mot.)  The court is concerned  that it does not have

5   subject matter jurisdiction over the claims asserted in Ms. Erickson's motion for class

6   certification because Ms. Erickson's pleadings do not allege that any concrete harm

7   resulted from the various actions Elliot Bay took in attempting to collect the debt.

8           Ms. Erickson makes several factual assertions in support of her claims: (1) Elliot

9   Bay had "no contractual or legal right" to certain sums listed in the collection letters,

10  (Compl. ¶¶ 31, 40); (2) the collection letters contain misleading statements, (*id*. ¶¶ 25-26,

11  42-43); (3) Elliot Bay continued to contact Ms. Erickson after she notified Elliot Bay that

12  she was represented by counsel, (*id*. ¶¶ 33-34); and (4) Elliot Bay reported Ms.

13  Erickson's debt to a credit bureau without notifying the bureau that the debt was

14  disputed, as required by the FDCPA, (*id*. ¶¶ 35-36).  Ms. Erickson's first three

15  allegations—regarding Elliot Bay's demands for incorrect sums, misleading statements,

16  and failure to cease contact with Ms. Erickson after she notified Elliot Bay that she was

17  represented by an attorney—are not coupled with allegations of concrete harm.  (*See*

18  Compl.)  Under *Spokeo*, a violation of the FDCPA does not automatically constitute an

19  injury-in-fact.  136 S. Ct. at 1549 ("Congress' role in identifying and elevating intangible

20  harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement

21  whenever a statute grants a person a statutory right and purports to authorize that person

22  to sue to vindicate that right."); *see also Perry v. Columbia Recovery Grp., LLC*, No.

SHOW CAUSE ORDER - 8

1  C16-0191JLR, 2016 WL 6094821, at *6 (W.D. Wash. Oct. 19, 2016).  Ms. Erickson has

2  not alleged that she paid an erroneous sum or felt harassed as a result of Elliot Bay's

3  actions.  Nor has she suggested that the violations affected her behavior, caused her to

4  pay the debt when she otherwise would not have, or caused her undue pressure.  Ms.

5  Erickson has simply failed to allege any harm at all.  Such allegations of "bare procedural

6  violation[s] divorced from any concrete harm" cannot confer Article III standing.[2]

7  *Spokeo*, 136 S. Ct. at 1549.

8         Only Ms. Erickson's fourth allegation—that her debt was improperly reported to a

9  credit bureau without notifying the bureau that the debt was disputed—can support an

10  inference that Ms. Erickson was harmed in the form of diminished credit.  (Compl.

11  ¶¶ 35-36.)  However, the court is also concerned that this allegation does not provide Ms.

12

13  _____

14         [2] The court is aware that a number of post-*Spokeo* cases have held that "making a false
statement in connection with an attempt to collect a debt is sufficient harm [under 15 U.S.C.
§ 1692(e) for standing purposes."  *Bautz v. ARS Nat'l Servs., Inc*., No. 16-CV-768JFBSIL, 2016

15  WL 7422301, at *9-10 (E.D.N.Y. Dec. 23, 2016); *see also Long v. Fenton & McGarvey Law
Firm P.S.C*., No. 115-CV-01924LJMDKL, 2016 WL 7179367, at *3 (S.D. Ind. Dec. 9, 2016)

16  (holding that the plaintiff's allegation that she received deceptive and misleading information, "is
a [concrete] harm made cognizable under the FDCPA"); *Prindle v. Carrington Mortgage Servs.*,

17  *LLC*, No. 3:13-CV-1349-J-34PDB, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016) (finding
standing where the plaintiff solely alleged that she was the "object of allegedly false, deceptive,
and/or misleading representations in connection with the collection of a debt . . . [an] injury in

18  precisely the form the [FDCPA] was intended to guard against") (internal citations omitted).  In
contrast, other courts have held that to establish standing, the plaintiff must allege that the
statutory violation caused a specific harm.  *Tourgeman v. Collins Fin. Servs., Inc*., 197 F. Supp.

19  3d 1205, 1209 (S.D. Cal. 2016) (finding no standing where the plaintiff could not establish a
specific harm had resulted from an alleged violation of 15 U.S.C. § 1692(e)); *see also May v.
Consumer Adjustment Co., Inc*., No. 4:14CV166 HEA, 2017 WL 227964, at *3 (E.D. Mo. Jan.

20  19, 2017) (same).  The Ninth Circuit has not addressed the issue before the court: whether
pleading a violation of 15 U.S.C. § 1692(e), without a further allegation of harm, is sufficient to

21  establish Article III standing.  In order to demonstrate standing, Ms. Erickson must show cause
why the court should adopt the position taken by *Bautz*, *Long*, and *Prindle*, *supra*.

22

1    Erickson with the required standing.  Under the FDCPA, a consumer has 30 days after

2    receipt of the notice of debt to dispute the validity of the debt or "the debt will be

3    assumed to be valid by the debt collector."  15 U.S.C. § 1692(g)(a)(3).  According to Ms.

4    Erickson's complaint, Elliot Bay sent an initial collection letter March 17, 2015 (Compl.

5    ¶ 15), but Ms. Erickson's first alleged contact with Elliot Bay occurred May 27, 2015,

6    (*id*. ¶ 29), well-outside the 30-day window for disputing the debt.  15 U.S.C.

7    § 1692(g)(a)(3).  Accordingly, with reference to Ms. Erickson's allegation that Elliot Bay

8    improperly reported her debt to a credit bureau, the court is concerned that Ms. Erickson

9    failed to plead a statutory violation because, as pled, Elliot Bay had no statutory

10   obligation to report the debt as disputed.

11        For each of her other allegations, the court is concerned that Ms. Erickson has only

12   alleged "bare statutory violation[s]," 136 S. Ct. at 1550, without any allegations that

13   Elliot Bay caused her concrete harm or introduced a risk of harm.  The court, therefore, is

14   concerned that Ms. Erickson has failed to demonstrate standing.  Accordingly, before this

15   matter can proceed, Ms. Erickson show cause that the court has subject matter

16   jurisdiction over the claims contained in her complaint and asserted in her motion for

17   class certification.

18                    **IV.    CONCLUSION**

19        Based on the foregoing, the court ORDERS Ms. Erickson to show cause why the

20   court has subject matter jurisdiction over this action.  Ms. Erickson's response may not

21   exceed ten (10) pages and is due no later than ten (10) days after the filing of this order.

22   Although not required, Elliot Bay may also submit a simultaneous brief on the topic of

1    Ms. Erickson's standing that does not exceed ten (10) pages and is also due ten (10) days

2    after the filing of this order.  Finally, the court DIRECTS the clerk to re-note Ms.

3    Erickson's motion for class certification for the same day that her response to this order

4    to show cause is due.

5         Dated this 3rd day of March, 2017.

6

7

8

9         JAMES L. ROBART
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22