THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KELLY ERICKSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ELLIOT BAY ADJUSTMENT COMPANY, INC. and JOHN DOES 1-25,

Defendants.

Case No. 2:16-cv-00391-JLR

DEFENDANT'S BRIEF REGARDING STANDING

**NOTED FOR HEARING: MARCH 13, 2017**

Plaintiff Kelly Erickson has failed to demonstrate standing. Therefore, the Court does not have subject matter jurisdiction over this action. Plaintiff cannot show in his complaint or in the record that Defendant Elliott Bay Adjustment Company, Inc. caused a concrete harm or introduced a risk of harm. Alleging bare procedural violations is not enough to establish standing as outlined by the Supreme Court in *Spokeo*. Plaintiff's factual assertions are not coupled with allegations of concrete harm. That is fatal to Plaintiff's standing and his case must be dismissed. Plaintiff should not be entitled to amend his complaint, almost a year after the initial filing, through briefing on the show cause order. Dismissal is necessary as the current record does not support the elements of standing.

//

//

//

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

## I. PROCEDURAL FACTS

On March 16, 2016, Plaintiff filed a putative class action complaint alleging that Elliott Bay violated certain provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Washington Collection Agency Act ("WCAA"), RCW § 19.16, *et seq.*, and the Washington Consumer Protection Act ("CPA"), RCW § 19.86. Plaintiff filed a Motion for Class Certification on September 12, 2016. Elliott Bay filed its opposition to Plaintiff's Motion for Class Certification on October 3, 2016. No other activity in the case has occurred since then. On March 3, 2017, the Court issued a Show Cause Order Regarding Standing Under *Spokeo*, which outlined the background facts of the case, and deferred consideration of Plaintiff's Motion for Class Certification. Although not required, Defendant Elliott Bay submits this brief on the issue of standing as permitted by the Court's Show Cause Order.

## II. ANALYSIS

Plaintiff has no case to move forward because he did not allege any concrete harm to demonstrate proper standing. The Constitution specifies that the judicial power of the United States extends only to "Cases" and "Controversies."[1] No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.[2] Standing is a "threshold question" that a litigant invoking federal jurisdiction must demonstrate before the court may hear the case.[3] The "irreducible constitutional minimum" of standing consists of three elements: (1) the plaintiff must have suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision.[4] An

---

[1] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); Art. III, § 2.

[2] *Id.* (citing *Raines* v. *Byrd*, 521 U. S. 811, 818 (1997).

[3] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

[4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

injury in fact must be "(a) concrete and particularized…; and (b) actual or imminent, not conjectural or hypothetical."[5] The Supreme Court emphasized that to satisfy the injury-in-fact element of Article III standing, the plaintiff's injury must be both particularized *and* concrete.[6]

**A. <u>Plaintiff fails to show that Elliott Bay caused a concrete harm or introduced a risk of harm which is required for standing.</u>**

Plaintiff does not address concrete harm to satisfy the requirement of standing in his complaint or anywhere in the record. The Supreme Court in *Spokeo* highlighted that to be concrete an injury "must be 'de facto'; that is, it must actually exist.[7] And it adds that, "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it."[8] Article III standing requires a concrete injury even in the context of a statutory violation.[9] "'[A] bare procedural violation [of a statute] divorced from any concrete harm' cannot confer Article III standing."[10] Violation of procedural rights granted by statute or a risk of real harm can be sufficient in some circumstances to constitute injury in fact.[11] While the doctrine under *Spokeo* does not require an *additional* harm beyond the one identified [in the statute], Plaintiff still cannot demonstrate standing based solely on alleged statutory violations.

Here, Plaintiff merely relies on bare procedural violations. Plaintiff only makes factual assertions that: (1) Elliott Bay had no contractual or legal right to certain sums, (2) sent letters containing misleading statements, (3) continued to contact Plaintiff after being

---

[5] *Lujan*, 504 U.S. at 560 (internal citations and quotations omitted).

[6] *Spokeo*, 136 S. Ct. at 1550 (emphasis added).

[7] 136 S. Ct. at 1548.

[8] *Id.* at 1543.

[9] *Id.*

[10] *Perry v. Columbia Recovery Grp. LLC*, No. C16-0191JLR, 2016 U.S. Dist. LEXIS 145093, at *13 (W.D. Wash. Oct. 19, 2016) (citing *Spokeo*, 136 S. Ct. at 1549).

[11] 136 S. Ct. at 1543.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

notified of counsel representation, and (4) reporting debt to a credit bureau without demonstrating any concrete harm.[12] Plaintiff cannot satisfy standing by simply pointing to a statute. Plaintiff must allege that the statutory violation caused a specific harm.[13] Plaintiff fails to do so.

According to *Spokeo*, not all failures to give statutorily mandated notice or accurate information "cause harm or present any material risk of harm."[14] The information Plaintiff alleges to be in violation of the statute may be entirely accurate. Elliott Bay may have had a contractual right to certain sums, may have been entitled to report the accurate debt to a credit bureau, and may have appropriately complied with service of process rules for a collection lawsuit. The Western District of Washington Court in *Perry* also notes that the plaintiff did not allege he ever attempted or even intended to dispute the underlying debt cited in the creditor's letter.[15] Identically here, Plaintiff does not dispute the underlying debt from Elliott Bay.[16] With no dispute of the debt or allegation that the debt was incorrect, Plaintiff also cannot show that there was a "risk of real harm" to be confused or misled as to his rights.[17] The Court cannot reasonably infer that Plaintiff suffered a concrete harm based on the complaint and record.[18] Plaintiff fails the concrete harm requirement of standing under *Spokeo* by not connecting any concrete harm to his allegations.

//

---

[12] *See generally* Complaint.

[13] *Tourgeman v. Collins Fin. Servs., Inc.*, 197 F. Supp. 3d 1205, 1209 (S.D. Cal. 2016); *May v. Consumer Adjustment Co., Inc.*, No. 4:14CV166 HEA, 2017 WL 227964, at *3 (E.D. Mo. Jan. 19, 2017).

[14] *Perry v. Columbia Recovery Grp. LLC*, No. C16-0191JLR, 2016 U.S. Dist. LEXIS 145093, at *17 (W.D. Wash. Oct. 19, 2016) (citing 136 S. Ct. at 1550); *see also May v. Consumer Adjustment Co.*, No. 4:14CV166 HEA, 2017 U.S. Dist. LEXIS 7401 (E.D. Mo. Jan. 19, 2017).

[15] No. C16-0191JLR, 2016 U.S. Dist. LEXIS 145093, at *18 (W.D. Wash. Oct. 19, 2016).

[16] *See generally* Complaint.

[17] No. C16-0191JLR, 2016 U.S. Dist. LEXIS 145093, at *19-20 (W.D. Wash. Oct. 19, 2016).

[18] *See Id.* at *18.



SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

**B. <u>Plaintiff should not be able to rely on authority that is inapplicable and non-binding to support the standing requirement.</u>**

The Court should find Plaintiff's reliance on non-binding and factually distinct authority as unpersuasive. Plaintiff may likely point to the outcomes in *Long*, *Prindle*, and *Bautz* to attempt to demonstrate that alleging bare procedural violations is still sufficient for standing despite the principles in *Spokeo*.[19] All three cases are from non-binding jurisdictions and contain different essential facts.

The *Long* case involved confusion as to the identities of the parties and debts contained in the collection letter sent to the plaintiff.[20] The lack of clarity in the relationships among the different banks, original creditor, and law firm was determined to be concrete harm for violating required disclosures from the debt collector.[21] There is no similar confusion here. Plaintiff has not disputed the validity of the underlying debt and it is clear who the original creditor was. The reasoning in *Long* is inapplicable to the facts at issue here.

Likewise, in a case involving mortgage payments and modification, the court in *Prindle* applied the rationale that "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate at law.'"[22] That court determined that receiving required disclosures as required by the FDCPA created a new right.[23] Plaintiff here cannot show that the collection letter invoked similar principles or facts

---

[19] *See generally Bautz v. ARS Nat'l Servs.*, No. 16-CV-768 (JFB) (SIL), 2016 U.S. Dist. LEXIS 178208 (E.D.N.Y. Dec. 23, 2016); *Long v. Fenton & McGarvey Law Firm P.S.C.*, No. 1:15-cv-01924-LJM-DKL, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. Dec. 9, 2016); *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-cv-1349-J-34PDB, 2016 U.S. Dist. LEXIS 108386 (M.D. Fla. Aug. 16, 2016).

[20] *Long v. Fenton & McGarvey Law Firm P.S.C.*, No. 1:15-cv-01924-LJM-DKL, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. Dec. 9, 2016).

[21] *Id.*

[22] *Prindle v. Carrington Mortg. Servs., LLC*, No. 3:13-cv-1349-J-34PDB, 2016 U.S. Dist. LEXIS 108386, at *24 (M.D. Fla. Aug. 16, 2016)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)).

[23] *Id.*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

involving bankruptcy or mortgage modification proposals found in *Prindle*. At most, Plaintiff could argue that his factual allegations are more analogous of receiving an erroneous form, not a new right related to disclosures. However, "[m]ere receipt of an erroneous form, without more, is insufficient to establish injury-in-fact."[24]

Finally, reliance on the court in *Bautz* is unconvincing. That court determined a substantive, not merely a procedural, violation of the FDCPA.[25] The collection letter in *Bautz* included an offer to settle and forgive the debt triggering tax implications with IRS compliance.[26] Here, no such elements exist in the collection letter sent to Plaintiff. The letter did not contain a reduced offer to settle and did not invoke any IRS issues. Therefore, Plaintiff cannot raise a substantive issue similar to the plaintiff in *Bautz*. Plaintiff's reliance on bare procedural violations is not sufficient to satisfy standing. Any reliance on non-controlling or distinguishable authority to demonstrate why alleging bare procedural violations is still sufficient for standing under *Spokeo* is inapplicable.

**C. <u>Plaintiff should not be entitled to amend his complaint through his briefing because this is analogous to briefing on a 12(b)(6) motion.</u>**

Plaintiff should be prohibited from alleging new or additional allegations in his show cause order briefing as a means to amend his complaint. The Court's Show Cause Order questions Plaintiff's compliance with standing. Failing to show standing would require dismissal of the case. In essence, the briefing related to the show cause order is briefing related to a Civil Rule 12(b)(6) motion for failure to state a claim. Accordingly, Plaintiff's briefing cannot serve to supplement or amend the complaint.[27] The focus should be on the

---

[24] *Smith v. Bank of Am., N.A.*, No. 15-55674, 2017 U.S. App. LEXIS 2757, at *2 (9th Cir. Feb. 16, 2017); *See Gonzales v. Gorsuch*, 688 F.2d 1263, 1269 (9th Cir. 1982); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549-50 (2016).

[25] *Bautz v. ARS Nat'l Servs.*, No. 16-CV-768 (JFB) (SIL), 2016 U.S. Dist. LEXIS 178208 (E.D.N.Y. Dec. 23, 2016).

[26] *Id.*

[27] *Buenaventura v. Chau (In re Chau)*, No. NV-13-1146-TaJuKi, 2014 Bankr. LEXIS 676, at

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

complaint.[28] A trial court has considerable discretion to grant or deny leave to amend, but that discretion "must be guided by the command of Fed. R. Civ. P. 15(a), which provides that 'leave shall be freely given when justice so requires.'"[29] Plaintiff has not requested leave to amend his complaint and he should not be allowed to do so in his briefing. The Court's analysis of the show cause briefing should center on what is in the complaint and record in determining whether standing has been established. Plaintiff is unable to do so and should not be afforded the opportunity to amend the complaint.

Any attempt to amend the complaint, whether in his show cause briefing or other means, should be considered futile. "If further amendment would be futile, the [c]ourt may order dismissal with prejudice."[30] Although the court in *Swartz* involved prior multiple amendments of the complaint, the underlying principle of futility should apply here. Plaintiff will not be able to allege any credible or concrete harm, especially since no other activity has occurred in this case since the Motion for Class Certification in October 2016. The complaint could not possibly be cured by the allegation of other facts.[31] Plaintiff's action should be dismissed without leave to amend.

## III. CONCLUSION

This Court does not have subject matter jurisdiction over this action because Plaintiff cannot demonstrate standing under the principles of *Spokeo*. Plaintiff has failed to show that Elliott Bay caused a concrete harm or introduced a risk of harm according to the complaint

---

*10-11 (U.S. B.A.P. 9th Cir. Feb. 19, 2014); *See also Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

[28] *Id.*

[29] *Swartz v. Deutsche Bank*, No. C03-1252MJP, 2008 U.S. Dist. LEXIS 36139, at *78 (W.D. Wash. May 2, 2008) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted))).

[30] No. C03-1252MJP, 2008 U.S. Dist. LEXIS 36139, at *78 (W.D. Wash. May 2, 2008) (citing *Moreno v. State of California*, 25 F. Supp. 2d 1060, 1062 (N.D. Cal. 1998)).

[31] *Smith v. Bank of Am., N.A.*, No. 15-55674, 2017 U.S. App. LEXIS 2757, at *2 (9th Cir. Feb. 16, 2017) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

and record. Because Plaintiff's factual assertions are not coupled with allegations of concrete harm, the Court should dismiss this action without leave to amend. Plaintiff should not be entitled to amend his complaint through briefing on the show cause order or any other possible means.

Dated this 13th day of March, 2017.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Derrick A. De Vera
Christopher H. Howard, WSBA #11074
Email: choward@schwabe.com
Derrick A. De Vera, WSBA #49954
Email: ddevera@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Tel:  (206) 622-1711
Fax:  (206) 292-0460
*Attorneys for Defendant, Elliott Bay Adjustment Company, Inc.*

DEFENDANT'S BRIEF REGARDING STANDING: CASE NO. 2:16-CV-00391 - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\128681\203611\DDV\20237808.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2017, I caused to be served the foregoing Defendant's Brief Regarding Standing on the following parties via United States District Court – Western District of Washington's Electronic Case Filing System ("ECF") at the following addresses:

Ryan Pesicka, WSBA #48182
Concord Law, P.C.
6608 216th St. SW, Suite 107A
Mountlake Terrace, WA 98043
Email: ryan@concordlawseattle.com
Tel: (206) 512-8029
Fax: (206) 512-8914
*Attorneys for Plaintiff*

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/ Derrick A. De Vera

Christopher H. Howard, WSBA #11074
Email: choward@schwabe.com
Derrick A. De Vera, WSBA #49954
Email: ddevera@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Tel: (206) 622-1711
Fax: (206) 292-0460
*Attorneys for Defendant, Elliott Bay Adjustment Company, Inc.*

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\128681\203611\DDV\20237808.1